```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------X
                                         :
SUSAN PAYNE,                             :
                                         :
                     Plaintiff,          :    19cv1517 (DLC)
          -v-                            :
                                         :    MEMORANDUM OPINION
MCGETTIGAN'S MANAGEMENT SERVICES LLC,    :         AND ORDER
DENNIS MCGETTIGAN, individually and in   :
his official capacity, PADDY HARRISON,   :
individually, and BRIAN CAMERA,          :
individually,                            :
                                         :
                     Defendants.         :
                                         :
-----------------------------------------X
```

DENISE COTE, District Judge:

On October 25, 2019, plaintiff requested permission by letter to serve defendant Dennis McGettigan ("McGettigan"), who resides in the United Arab Emirates, through substituted service on counsel for defendant McGettigan's Management Services LLC ("MMS"). An Order of November 12 denied the request on the grounds that the plaintiff had failed to comply with the schedule in this case and offered no legal authority to show that substituted service was necessary or appropriate on the facts of this case. The plaintiff was ordered to show cause by November 15 why her claims against McGettigan should not be dismissed without prejudice.

On November 15, plaintiff's counsel filed a letter in response to the November 12 Order. The letter asserts that,

while plaintiff's "former" counsel delayed effecting service, her current counsel has been diligent. Plaintiff has been represented by the Derek Smith Law Group, PLLC throughout this action. Plaintiff's "former" counsel was employed by the same law firm as her current counsel. The letter therefore does not explain the failures of Derek Smith Law Group, PLLC to act in accordance with the schedule governing this case. The letter does, however, offer a legal basis for ordering alternative service under Rule 4(f), Fed. R. Civ. P.

Where no international agreement exists, Rule 4(f) authorizes courts to direct service "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt" or "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(2), (3). Rule 1, Fed. R. Civ. P. instructs that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

A court is afforded wide discretion in ordering service of process under Rule 4(f)(3). See Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1016 (9th Cir. 2002). An order for alternative service must comply with due process requirements, which call for notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency

2

of the action." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Beyond that, "[a]s long as court-directed and not prohibited by an international agreement," service of process may be ordered under Rule 4(f)(3) even if the method of service is in contravention of the laws of the foreign country. Freedom Watch, Inc. v. Org. of the Petrol. Exporting Countries, 766 F.3d 74, 84 (D.C. Cir. 2014).[1]

A plaintiff "need not have attempted every permissible means of service of process before petitioning the court for alternative relief. Instead, [a plaintiff] need[s] only to demonstrate that the facts and circumstances of the present case necessitated the district court's intervention." Rio Props., 284 F.3d at 1016. Where such intervention is warranted, courts have found various alternative methods of service, including service by email, appropriate. See Rio Props., 284 F.3d at 1016-18 (email); Ultra Records, LLC v. Chee Yee Teoh, No. 16cv9996(DLC), 2017 WL 1753485, at *2 (S.D.N.Y. Apr. 18, 2017) (email); In re Terrorist Attacks on September 11, 2001, 718 F. Supp. 2d 456, 490-91 (S.D.N.Y. 2010) (publication). In addition, it may be appropriate for a court to order service on a foreign defendant through U.S. counsel for a related entity, even where the U.S. counsel "has not been authorized by

---

[1] Neither the plaintiff nor counsel for MMS has suggested that any of the methods of service considered here would be in contravention of the laws of the United Arab Emirates.

3

appointment or law to receive service" on behalf of the foreign defendant. Freedom Watch, 766 F.3d at 83.

The plaintiff moves for alternative service on McGettigan pursuant to Rule 4(f)(3), Fed. R. Civ. P. The plaintiff argues that, without an order for alternative service, international service would be prohibitively expensive and unduly delay this action. Having considered the facts and circumstances pertinent to the plaintiff's request, and finding that they warrant this Court's intervention, it is hereby

ORDERED that, by **November 22, 2019,** the plaintiff shall serve McGettigan by international certified mail at his home and business addresses in Dubai, United Arab Emirates, as well as by email at dmcgettigan@bonningtontower.com by **November 22, 2019.**

IT IS FURTHER ORDERED that the plaintiff shall also serve McGettigan through substituted service on counsel for MMS by **November 22, 2019.**

IT IS FURTHER ORDERED that the plaintiff shall promptly file proof of service on the public docket.

SO ORDERED:

Dated: New York, New York
November 19, 2019

_____
DENISE COTE
United States District Judge