UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
SUSAN PAYNE,                          :
                                      :
                        Plaintiff,    :        19cv1517 (DLC)
                                      :
            -v-                       :        OPINION AND ORDER
                                      :
MCGETTIGAN'S MANAGEMENT SERVICES LLC, :
and DENNIS MCGETTIGAN,                :
                                      :
                        Defendants.   :
                                      :
------------------------------------- X

APPEARANCES

For the plaintiff:
Derek Smith Law Group, PLLC
Rachel Allen
One Penn Plaza, Suite 4905
New York, New York 10119

For the defendants:
Greenberg Traurig, LLP
Jerrold F. Goldberg
200 Park Avenue
New York, NY 10166

DENISE COTE, District Judge:

    Plaintiff Susan Payne has brought this action for

employment discrimination against Dennis McGettigan

("McGettigan") and McGettigan's Management Services LLC ("MMS").

She alleges that the defendants discriminated and retaliated

against her in violation of Title VII of the Civil Rights Act of

1964, 42 U.S.C. § 2000a et seq. ("Title VII"), the New York

State Human Rights Law, N.Y. Executive Law § 290 et seq.

("NYSHRL"), the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 <u>et seq.</u> ("NYCHRL"), and 42 U.S.C. § 1981 ("Section 1981").  McGettigan has moved to dismiss on personal jurisdiction and administrative exhaustion grounds. McGettigan's motion is denied.

## **Background**

The following facts are drawn from the Amended Complaint ("FAC") or documents upon which it relies.  For the purposes of deciding this motion, plaintiff's factual allegations are accepted as true and all reasonable inferences are drawn in plaintiff's favor.

<u>Plaintiff's Allegations</u>

McGettigan owns a chain of Irish pubs with locations in the United States, Europe, Asia, and the Middle East, all of which share the name "McGettigan's."  Plaintiff alleges that the McGettigan's pubs are operated through various business entities, all of which share executives and management-level employees and are personally owned by McGettigan.  In 2015, Payne was hired at the McGettigan's located in New York City (the "Bar").  The Bar was operated through MMS, in which McGettigan has a substantial ownership interest.  Although

McGettigan resides abroad,[1] he routinely visited the Bar to manage its business.  Plaintiff asserts that McGettigan and MMS were her joint employers.

Payne alleges that from the first day of her employment at the Bar, she was subjected to racial and sexual harassment by a regular customer, principally in the form of slurs and other derogatory language that the customer directed towards her. According to the plaintiff, she repeatedly complained about the customer's behavior to her supervisors.  In particular, during September 2017 Payne complained to the Bar's General Manager, whom the FAC identifies only as "Mark."  Mark responded that he would not ban the customer from the Bar, in part because McGettigan would fire Mark if he did so.  Plaintiff's employment at the Bar was terminated in February 2018.

Procedural History

In April 2018, Payne filed a charge with the Equal Employment Opportunity Commission ("EEOC").  Payne's EEOC charge was filed by counsel on her behalf and brought against only MMS. Concerning McGettigan, the EEOC charge alleged merely that he was the owner of MMS.

---

[1] The FAC alleges that McGettigan resides in Ireland or the United Arab Emirates.

The original complaint in this action was filed on February 18, 2019.  It named as defendants MMS and two of Payne's supervisors, but not McGettigan.  On September 6, plaintiff filed the FAC, which added McGettigan as a defendant.  Plaintiff voluntarily dismissed her claims against the two supervisors, leaving as defendants only MMS and McGettigan.  On September 23, MMS filed a suggestion of bankruptcy, and proceedings against it were stayed.  A Memorandum Opinion and Order of November 19 authorized substitute service on McGettigan.  See Payne v. McGettigan's Mgmt. Servs. LLC, No. 19cv1517 (DLC), 2019 WL 6647804, at *2 (S.D.N.Y. Nov. 19, 2019).

On January 16, 2020, McGettigan moved to dismiss the FAC for lack of personal jurisdiction and failure to exhaust administrative remedies.  That motion became fully submitted on February 21.

## Discussion

Plaintiff's allegations are sufficient to support the exercise of personal jurisdiction over McGettigan.  And although plaintiff's counsel failed to include McGettigan in the EEOC charge, the Title VII claims against him may proceed because McGettigan shares an identity of interest with MMS.

4

I.   Personal Jurisdiction

A.   Legal Standard

"In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists.  A plaintiff must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." SPV Osus Ltd. v. UBS AG, 882 F.3d 333, 342 (2d Cir. 2018) (citation omitted); see also MacDermid, Inc. v. Deiter, 702 F.3d 725, 727 (2d Cir. 2012) ("[W]hen a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing." (citation omitted)).  In conducting this inquiry, courts "constru[e] all pleadings and affidavits in the light most favorable to the plaintiff and resolv[e] all doubts in the plaintiff's favor." SPV Osus Ltd., 882 F.3d at 342 (citation omitted).

In determining whether personal jurisdiction exists, "a court must look first to the long-arm statute of the forum state.  If the exercise of jurisdiction is appropriate under that statute, the court must decide whether such exercise comports with the requisites of due process." Friedman v.

5

Bloomberg L.P., 884 F.3d 83, 90 (2d Cir. 2017) (citation omitted).

New York's long-arm statute, N.Y. C.P.L.R. § 302(a) provides that a defendant is subject to personal jurisdiction in New York when "(1) the defendant transacted business within the state; and (2) the claim asserted arises from that business activity." Licci by Licci v. Lebanese Canadian Bank, SAL, 834 F.3d 201, 209 (2d Cir. 2016) (citation omitted). In order to exercise jurisdiction over a claim, a court must find "an articulable nexus, or a substantial relationship, between the claim asserted and the actions that occurred in New York." Best Van Lines, Inc. v. Walker, 490 F.3d 239, 246 (2d Cir. 2007) (citation omitted).

> [T]he 'arising from' prong of section 302(a)(1) does not require a causal link between the defendant's New York business activity and a plaintiff's injury. Instead, it requires a relatedness between the transaction and the legal claim such that the latter is not completely unmoored from the former, regardless of the ultimate merits of the claim.

Licci ex rel. Licci v. Lebanese Canadian Bank, SAL, 732 F.3d 161, 168-69 (2d Cir. 2013) (citation omitted); see also Al Rushaid v. Pictet & Cie, 68 N.E.3d 1, 11 (N.Y. 2016) ("The claim need only be in some way arguably connected to the transaction." (citation omitted)).

6

Three conditions must be met for the exercise of specific jurisdiction over a nonresident defendant to satisfy the requirements of due process:

> First, the defendant must have purposefully availed itself of the privilege of conducting activities within the forum State or have purposefully directed its conduct into the forum State.  Second, the plaintiff's claim must arise out of or relate to the defendant's forum conduct.  Finally, the exercise of jurisdiction must be reasonable under the circumstances.

U.S. Bank Nat'l Ass'n v. Bank of Am. N.A., 916 F.3d 143, 150 (2d Cir. 2019) (citation omitted).

B.   Application

Plaintiff has made the required prima facie showing of personal jurisdiction.  That McGettigan routinely visited and managed the Bar constitutes transaction of business in New York state.  Likewise there is an articulable nexus between McGettigan's New York business activities and plaintiff's employment discrimination claims.  Plaintiff has alleged that the Bar's general manager said he could do nothing about the customer harassing Payne because McGettigan would fire him if he did take such corrective action.  From this allegation, a reasonable inference can be drawn that McGettigan's New York business activities -- specifically, his management of the Bar's employees -- impeded the Bar from resolving Payne's complaints concerning a hostile work environment.  Plaintiff's allegations

7

are likewise sufficient to satisfy the requisites of
constitutional due process.

II.  Exhaustion

     A.  Legal Standard

     Before bringing suit under Title VII, a plaintiff must
exhaust available administrative remedies by filing a timely
complaint with the EEOC or an authorized state agency.  42
U.S.C. § 2000e-5(f)(1); Duplan v. City of New York, 888 F.3d
612, 621 (2d Cir. 2018).  Failure to exhaust administrative
remedies under Title VII is an affirmative defense.  Hardaway v.
Hartford Pub. Works Dep't, 879 F.3d 486, 491 (2d Cir. 2018).  An
affirmative defense is grounds for dismissal when it is clear
from the face of the complaint and documents integral thereto
that plaintiff's claims are barred.  Sewell v. Bernardin, 795
F.3d 337, 339 (2d Cir. 2015); Holowecki v. Fed. Express Corp.,
440 F.3d 558, 565-66 (2d Cir. 2006).

     "The purpose of [Title VII's] exhaustion requirement is to
give the administrative agency the opportunity to investigate,
mediate, and take remedial action."  Fowlkes v. Ironworkers
Local 40, 790 F.3d 378, 384 (2d Cir. 2015) (citation omitted).
A plaintiff can generally bring a lawsuit against only those
entities named in the initial EEOC charge.  Johnson v. Palma,
931 F.2d 203, 209 (2d Cir. 1991); see also 42 U.S.C. § 2000e-

5(f)(1) (providing that after administrative exhaustion "a civil action may be brought against <u>the respondent named in the charge</u>" (emphasis added)).  Under a limited exception to this rule, a Title VII action may "proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." <u>Vital v. Interfaith Med. Ctr.</u>, 168 F.3d 615, 619 (2d Cir. 1999) (citation omitted).

In determining whether there is such an identity of interest, the Court must consider four factors:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

<u>Id.</u> (citation omitted).  In evaluating the second factor, a key consideration is whether the unnamed party exercised control over the labor relations of the entity named in the EEOC charge. <u>See</u> <u>Cook v. Arrowsmith Shelburne, Inc.</u>, 69 F.3d 1235, 1241-42 (2d Cir. 1995).  No single factor is dispositive; courts weigh the factors holistically.  <u>See</u> <u>id.</u> at 1242.

B.   Application

Plaintiff named only MMS in her EEOC charge, but her Title
VII claim may proceed against McGettigan under the identity of
interest exception.  The first factor weighs against the
plaintiff:  Payne could have determined McGettigan's role
through reasonable effort -- indeed, she was allegedly told that
McGettigan had impeded MMS employees from resolving her
complaints.  But the second and third factors weigh in
plaintiff's favor.  McGettigan allegedly exercised centralized
control over all the McGettigan's locations and was the owner of
MMS.  In addition, McGettigan allegedly exercised control over
the Bar's refusal to address Payne's complaints and over the
ultimate termination of her employment.  As to the third factor,
McGettigan concedes that he suffered no prejudice because
conciliation before the EEOC was not held.  As to the fourth
factor, there is no allegation that McGettigan represented that
he was establishing an employment relationship with Payne
through MMS.

When the second and third factors weigh in the Title VII
plaintiff's favor, it is appropriate to excuse the failure to
exhaust administrative remedies.  See Cook, 69 F.3d at 1242.
Weighing the factors together, McGettigan shares an identity of

interest with MMS.  Plaintiff's Title VII claims against him may therefore proceed.[2]

McGettigan argues that Payne may not invoke the identity of interest exception because counsel represented her before the EEOC.  In adopting the identity of interest exception, the Second Circuit observed that EEOC charges "generally are filed by parties not versed in the vagaries of Title VII and its jurisdictional and pleading requirements."  Palma, 931 F.2d at 209.  Some district court decisions have reasoned that this language renders the exception unavailable to plaintiffs whose EEOC charges were filed by counsel.[3]  But the Second Circuit has not imposed such a limitation.

While the Second Circuit observed that EEOC charges were "generally" filed without the assistance of counsel, it created a multi-part test that did not include a complainant's pro se status as one element of the test.  It stated without

---

[2] While McGettigan seeks dismissal of the whole complaint for failure to exhaust administrative remedies, there is no exhaustion requirement for claims under 42 U.S.C. § 1981, the NYSHRL, or the NYCHRL.

[3] See, e.g., Bernstein v. Seeman, 593 F. Supp. 2d 630, 634 (S.D.N.Y. 2009); Darden v. DaimlerChrysler N. Am. Holding Corp., 191 F. Supp. 2d 382, 389-90 (S.D.N.Y. 2002).  But see Ruiz v. New Avon LLC, No. 18cv9033 (VSB), 2019 WL 4601847, at *11 (S.D.N.Y. Sept. 22, 2019) ("[P]rior representation by counsel is not necessarily dispositive in determining whether the identity of interest exception may apply.").

reservation that Title VII suits may "proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge."  <u>Palma</u>, 931 F.2d at 209.  Because such an identity of interest exists here, the fact that Payne's EEOC charge was filed with the assistance of counsel does not bar her Title VII claims against McGettigan.[4]

<h3 style="text-align:center"><u>Conclusion</u></h3>

McGettigan's January 16, 2020 motion to dismiss is denied.

```
Dated:    New York, New York
          May 26, 2020s
```

_____
DENISE COTE
United States District Judge

---

[4] Although McGettigan is not entitled to dismissal on administrative exhaustion grounds, plaintiff will ultimately be required to prove that McGettigan was her employer in order to subject him to Title VII liability.  While failure to exhaust is an affirmative defense, McGettigan's employer status is an element of Payne's Title VII claims -- one which discovery will reveal whether or not she can prove.  <u>See</u> <u>Turley v. ISG Lackawanna, Inc.</u>, 774 F.3d 140, 155 (2d Cir. 2014) (evaluating plaintiff's evidence that parent and subsidiary entities constituted a single employer); <u>Raspardo v. Carlone</u>, 770 F.3d 97, 113 (2d Cir. 2014) (individuals only liable under Title VII when they are "the plaintiffs' actual employers").